(27 App. Div. 94.)

### MERCANTILE BANK v. ANDERSON.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

1. PLEADING AND PROOF.
    Under plea of payment of note sued on by collection of collateral, defendant cannot prove that, though the collateral notes had not been paid, the makers thereof were solvent when the notes were given plaintiff, and that he neglected to sue thereon till said makers became insolvent.
2. PLEADING—AMENDMENT.
    Where defendant has merely pleaded payment, he cannot amend on the trial so as to set up the defense that plaintiff has lost right to recover through neg-

lecting to proceed on collateral till the maker thereof was insolvent, or so as to plead an offset consisting of a deposit in plaintiff bank.

**3. CREDIBILITY OF WITNESSES.**
Though the only evidence as to matter in issue is defendant's testimony, verdict should not be directed for him, his credibility being for the jury.

Appeal from trial term, New York county.

Action by the Mercantile Bank against Malcolm Anderson. From judgment on verdict for plaintiff, and from an order denying new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

James D. Arnold, for appellant.
Alexander S. Bacon, for respondent.

INGRAHAM, J. The plaintiff, a foreign corporation, brought this action to recover upon a promissory note made by the defendant, dated Denver, Colo., May 25, 1893, by which, one day after date, the defendant promised to pay to the plaintiff, at Denver, Colo., $2,500. The defendant admitted the making of the note, but alleged as an affirmative defense that the defendant delivered to the plaintiff various securities, including promissory notes of third parties, and insurance policies on the life of the defendant, as collateral security for the payment of this note; that the plaintiff had sold, recovered upon, and collected several of the securities left with this plaintiff by the defendant, and that the sums so realized and collected are equal to the amount of the promissory note in suit, and that the plaintiff has been paid the whole amount of said promissory note. Upon the trial the defendant proved the delivery of certain of the collaterals specified in the answer. The promissory notes appear to have been produced unpaid on the trial by the defendant, who then offered to prove the solvency of the makers of the notes at the time they were delivered to the plaintiff. This evidence was objected to upon the ground that no such defense was alleged in the answer, and the objection was sustained. No evidence was offered to show that the plaintiff had collected upon any of the securities any sum of money whatever, the court holding that the defendant might prove every dollar that the bank realized upon this security, but that, if they did not realize anything, there was no defense under the answer. The witness testified that he had no personal knowledge of any payment having been made to the plaintiff upon any of these securities. The defendant also testified that he had on deposit with the bank, in his own name, the sum of $250, and had also on deposit the sum of $367 upon an account in the name of the Denver Novelty Works, under which had been conducted the business he purchased and owned at the time the note became due. The court submitted to the jury the question as to whether or not the defendant had any such account in his own name with the plaintiff, but refused to direct the jury to allow to the plaintiff upon the amount due upon the note the amount of the deposits in his own name or in the name of the Denver Novelty Works. We think the ruling of the court was clearly right. But one defense was set up in the answer, and that was payment. To sustain that defense, it was necessary for the defendant to

show that the plaintiff had actually received, either from the defendant, or as the proceeds of the securities deposited by him with the bank, a sum of money which the bank was bound to apply to the payment of the amount due upon the note. If, in consequence of the negligence of the bank, the right of the plaintiff to recover upon the securities lodged with the bank as collateral for the payment of the note had been lost, that was an entirely distinct defense, which the defendant was bound to set up in his answer, and such a defense the court had no power to allow to be pleaded by way of amendment upon the trial. The plaintiff had the right to have notice of such a defense before the trial, so as to meet the proof to be offered by the defendant. We think that this rule also applies to the claim of the defendant to offset the amount of his deposits with the plaintiff, either individually or as under the name of the novelty works. The fact that at the time when this note became due the plaintiff was indebted to the defendant upon a different account would not be a payment of the note. It would be an offset that the defendant might be entitled to have applied on account of his liability upon the note; but to entitle him to prove the fact of the existence of such an offset it is necessary that it should be pleaded in the answer. The court, however, submitted to the jury the question as to whether or not defendant had on deposit in his own name any sum of money, but the defendant did not request the court to submit to the jury the question as to whether he had a deposit in the name of the novelty works which could be applied upon the amount due on the note in suit. The court below was right in refusing to direct the plaintiff to credit the defendant with the amount of these alleged deposits, even if the deposits had been properly pleaded, because the evidence of the existence of these accounts depended solely upon the testimony of the defendant, who was an interested party; and it is apparent from the verdict that the jury refused to believe the testimony of the defendant as to his individual deposit. If he had wished the court to submit to the jury the question as to whether or not he had a sum on deposit in the name of the novelty works, he should have requested the court so to do; and by his failure to make such a request he acquiesced in the decision by the court of the question of fact as to the existence of such a deposit. The plaintiff also claims that some of the testimony offered by the defendant in rebuttal was incompetent, but, as the defendant had failed to prove any defense upon the note alleged in the answer, the evidence introduced by the plaintiff was entirely immaterial, and could not have injured him.

Upon the whole case, therefore, we think that no error was committed which requires a reversal of the judgment or order, and they should be affirmed, with costs. All concur.